Kathleen Elizabeth **WATSON**, an incompetent, by and through her Guardians Vincent F. Watson and Susan L. Watson; et al., Plaintiffs–Appellants,

v.

John **GARAMENDI**; et al., Defendants–Appellees.

No. 06–55382.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2007.

Filed Jan. 3, 2008.

Daniel J. Mulligan, Esq., Thomas A. Jenkins, Esq., Jenkins & Mulligan, San Francisco, CA, for Plaintiffs–Appellants.

Ethan P. Schulman, Esq., Howard Rice Nemerovski Canady Falk & Rabkin, John F. Finston, Esq., Sonnenschein Nath &

Rosenthal, LLP, San Francisco, CA, Franklin D. O'Loughlin, Esq., Rothgerber Johnson & Lyon LLP, Denver, CO, for Defendants–Appellees.

Before: T.G. NELSON, PAEZ, and BYBEE, Circuit Judges.

## MEMORANDUM *

Kathleen Elizabeth Watson and four other plaintiff-appellants (collectively, the "Policyholders") appeal the district court's dismissal of their action for lack of standing. We review the dismissal de novo, *Kennedy v. S. Cal. Edison Co.,* 268 F.3d 763, 767 (9th Cir.2001), and we affirm the district court's judgment.

Because the parties are familiar with the facts, we do not recite them here.

### *Standing*

The Policyholders lack standing to pursue their action because California Insurance Code section 1037(f) grants the California Insurance Commissioner exclusive power to prosecute and defend lawsuits on behalf of Executive Life Insurance Company (ELIC), and to dispose of ELIC's estate assets. Cal. Ins.Code § 1037(d), (f).

The Policyholders seek to force the Commissioner to distribute certain estate assets pursuant to Article 10, rather than Article 17 of the Enhancement Agreement. The Commissioner's distribution of estate assets, however, falls squarely within his exclusive powers under section 1037. *Id.; see also State v. Altus Fin.,* 36 Cal.4th

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1284, 32 Cal.Rptr.3d 498, 116 P.3d 1175, 1188 (2005) (Insurance Code section 1037(f) barred California's Attorney General from seeking restitution for losses resulting from allegedly fraudulent acquisition of ELIC's assets). Consequently, the Policyholders lack standing to pursue their claims.

Section 18.14 of the Enhancement Agreement does not alter this conclusion. That section grants the Policyholders the right to pursue the National Organization of Life and Health Insurance Guaranty Associations (NOLHGA) directly as third party beneficiaries if NOLHGA breaches its obligations under the agreement. Distributing ELIC's estate assets, however, is not one of NOLHGA's contractual obligations. That obligation belongs exclusively to the Commissioner, and there is no California authority permitting the Commissioner to share his section 1037 powers with the Policyholders. *See Altus,* 32 Cal. Rptr.3d 498, 116 P.3d at 1187 (Section 1037(f) "recognizes that the Commissioner as trustee has the exclusive right to protect the interests of policyholders and other creditors.").

### *Mootness*

Defendant-appellee NOLHGA contends that an April 2007 arbitration decision has mooted this appeal. We need not decide the mootness question, however, because we conclude that the Policyholders lack standing.

### *Res Judicata*

The Policyholders raise a res judicata argument for the first time on appeal. Because this argument was not raised below, we decline to address it. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills,* 321 F.3d 878, 882 (9th Cir.2003).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

### *Rule (12)(b)(6)*

Finally, because we conclude that the Policyholders lack standing, we do not address NOLHGA's Rule 12(b)(6) challenge to the complaint.

**AFFIRMED.**